## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CURTIS W. JACKSON, | : | Civil No. 1:07-CV-693 |
| Plaintiff | : | (Chief Judge Kane) |
| v. | : | |
| WILLIAM W. CALDWELL, | : | |
| Defendant | : | |

### MEMORANDUM AND ORDER

Before the Court is Plaintiff Curtis W. Jackson's pro se complaint (Doc. No. 1), application to proceed in forma pauperis (Doc. No. 2), and motion for appointment of counsel (Doc. No. 7). For the reasons discussed below, Plaintiff's application to proceed in forma pauperis will be granted, his complaint will be dismissed, and his motion for appointment of counsel will be denied as moot.

**I. BACKGROUND**

In his complaint, Plaintiff avers that the Honorable William W. Caldwell, United States District Judge for the Middle District of Pennsylvania, violated Plaintiff's civil rights when Judge Caldwell presided over three civil actions Plaintiff filed in the Middle District of Pennsylvania. (Doc. No. 1, at 2-3) (citing civil action numbers 1:02-CV-0631, 1:04-CV-1696, and 1:07-CV-0376). Specifically, Plaintiff complains:

> Judge William W. Caldwell intentionally handled my 42 U.S.C. § 1983 civil complaints me as a state prisoner. [sic] Each time, he was "deliberately indifference" and also with a conflict of interest with a tort committed in the process. Especially with my 2007 civil complaint. Each time I filed a [civil complaint] it cost me time, money and mental anguish. Also Judge William W. Caldwell was intentionally deliberately indifference and had a "conflict of interest["] when he didn't let the Attorney General of Pennsylvania address the issues.

(Doc. No. 1, at 3.)  For these alleged violations of his civil rights, Plaintiff seeks twenty-five million dollars in compensatory damages and ten million dollars in punitive damages.  (Id. at 4.)  He further requests that a different judge preside over his 2007 civil complaint "on appeal" or that it be "put back in front of another judge in U.S. District Court based off this civil complaint."  (Id.)

## II.     STANDARD OF REVIEW

When a plaintiff proceeds in forma pauperis, a court is required to review the complaint prior to service of process under 28 U.S.C. § 1915(e).  This section states, in relevant part:

> (2)     Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> (A)     the allegation of poverty is untrue; or
> (B)     the action or appeal –
>
> (i)     is frivolous or malicious;
> (ii)    fails to state a claim on which relief may be granted; or
> (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e).  A complaint is frivolous "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  The standard of review for a § 1915(e)(2)(B)(ii) failure to state a claim is the same as the standard governing a Rule 12(b)(6) motion.  Grayson v. Mayview State Hosp., 293 F.3d 103, 110 (3d Cir. 2002).

In determining the sufficiency of a pro se complaint, the Court is mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all the allegations in the

complaint and all reasonable inferences that can be drawn therefrom and view them in the light most favorable to the plaintiff[,]" but it need not credit a pro se plaintiff's "bald assertions" or "legal conclusions." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Dismissal is appropriate only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

### III.  DISCUSSION

Based on his application to proceed in forma pauperis (Doc. No. 2), the Court will grant Plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

After reviewing Plaintiff's complaint, the Court finds that dismissal prior to service of process is mandated by 28 U.S.C. § 1915(e)(2)(B) because the complaint is frivolous, fails to state a claim upon which relief may granted, and seeks monetary relief against one who is immune from such relief. Id. § 1915(e)(2)(B)(i)-(iii).

Initially, the Court notes that Plaintiff's request for injunctive relief relating to his 2007 civil complaint before Judge Caldwell complaint lacks any factual or legal basis. The 2007 civil complaint to which Plaintiff refers has been dismissed, and Plaintiff has neither requested an extension of time in which to appeal nor filed a timely appeal of the complaint's dismissal. (March 26, 2007, Order, Civil Action No. 07-376) (dismissing Plaintiff's § 1983 complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii)); see also Fed. R. App. P. 4 (setting forth filing deadlines for appealing district court judgments). Thus, Plaintiff's case is neither on appeal with the possibility that it may be remanded, nor is there any basis alleged to "put [the complaint] back in front of another judge."

More importantly, however, Judge Caldwell is absolutely immune from civil suit for acts within his judicial role. Nixon v. Fitzgerald, 457 U.S. 731, 745-46 (1982) (citation omitted) (recognizing the continued validity of the doctrine of "absolute immunity of judges for acts within the judicial role," a doctrine " not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences."); McArdle v. Tronetti, 961 F.2d 1083, 1084-85 (3d Cir. 1992) (citing Pierson v. Ray, 386 U.S. 547 (1967)) ("Judges are absolutely immune from liability for performing judicial acts."); see also Williams v. Consovoy, 453 F.3d 173, 178 (3d Cir. 2006) ("[A]bsolute judicial immunity attaches to those who perform functions integral to the judicial process."). Plaintiff's complaint relates entirely to Judge Caldwell's handling and disposition of Plaintiff's three civil suits, clearly actions taken by Judge Caldwell in his judicial capacity and for which he is entitled to absolute immunity.

### IV.    ORDER

**AND NOW**, this 7th day of May, 2007, for the reasons set forth in this memorandum, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's application to proceed in forma pauperis (Doc. No. 2) is **GRANTED**;

2. Plaintiff's complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B); and

3. Plaintiff's motion for appointment of counsel (Doc. No. 7) is **DENIED** as moot.

    s/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania